

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00014-CR

_____

JOSHUA WILEY MITCHELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27395

Before Morriss, C.J., Burgess and Moseley,* JJ.
Memorandum Opinion by Justice Burgess

_____

*Bailey C. Moseley, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

After a jury trial in Lamar County, Texas, Joshua Wiley Mitchell was convicted of tampering with a witness, aggravated assault with a deadly weapon, and family violence assault and sentenced to fifty years in prison for each offense, with the three sentences to run concurrently.[1]

Here, Mitchell appeals from his convictions for aggravated assault with a deadly weapon and family violence assault.[2] Mitchell contends that (1) the trial court erred in denying his request for a psychological examination, (2) he was improperly assessed court costs, (3) the judgment for aggravated assault with a deadly weapon references the incorrect Texas Penal Code provision, and (4) the judgment for family violence assault references the incorrect Texas Penal Code provision.

By order dated August 29, 2018, we sustained Mitchell's first point of error and abated the matter with instructions to the trial court to conduct a retrospective competency trial if such a trial were feasible. We have received a supplemental reporter's record and a supplemental clerk's record showing that, on December 19, 2018, the trial court found that a retrospective competency trial was feasible, conducted the trial, and found Mitchell to have been competent. Here, we address Mitchell's remaining points of error, and because the facts of this case were discussed in detail in our opinion in Mitchell's companion case, cause number 06-18-00013-CR, in which he

---

[1] In all three charges, Mitchell was charged as a habitual offender, and his charge of family violence assault was further enhanced by a prior conviction.

[2] In companion cause number 06-18-00013-CR, Mitchell appeals from his conviction for tampering with a witness.

appeals from his conviction for tampering with a witness, we discuss only the facts relevant to these points of error.

We modify the trial court's aggravated assault judgment to state "22.02 & 12.42 Penal Code" as the "Statute for Offense," and we modify the family violence assault judgment to state "22.01 & 12.42 Penal Code" as the "Statute for Offense." As modified, we affirm the trial court's judgments in this case because Mitchell was not charged duplicate court costs.

**I.      Mitchel Was Not Assessed Duplicate Court Costs**

In the judgment for aggravated assault with a deadly weapon, Mitchell was assessed $339.00 in court costs, and in the judgment for tampering with a witness, he was, again, assessed $339.00 in court costs. Here, Mitchell contends that the trial court's judgment of conviction for aggravated assault should be modified to delete the court costs assessed against him because his two indictments for tampering with a witness and aggravated assault were tried in a single trial proceeding and he was assessed the same court costs in each case. Essentially, Mitchell contends that he was assessed duplicate court costs.

However, because we reversed the judgment convicting Mitchell of tampering with a witness in our opinion in Mitchell's companion case, cause number 06-18-00013-CR, the trial court's assessment of court costs in that judgment was also reversed. Therefore, the only court costs assessed against Mitchell were the $339.00 assessed in the judgment for aggravated assault. Accordingly, the point of error is moot.

3

## II.     We Modify the Trial Court's Judgment

In his remaining two points of error, Mitchell argues that the trial court's judgments for aggravated assault and family violence assault should be modified to reflect the correct statute for the offense.

This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record. *See Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.); *see also Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We may sua sponte modify an incorrect judgment whether a party objected on the issue at trial or not. *See Anthony*, 531 S.W.2d at 743 (quoting *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd)); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).

Under "Statute for Offense," the judgment for aggravated assault states, "22.01 & 12.42 Penal Code," and the judgment for family violence assault states, "22.02 & 12.42 Penal Code." However, aggravated assault is governed by Section 22.02, and family violence assault is governed by Section 22.01. *See* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2018), § 22.02 (West 2011). Accordingly, we modify the aggravated assault judgment to reflect "22.02 & 12.42 Penal Code" as the "Statute for Offense," and we modify the family violence assault judgment to reflect "22.01 & 12.42 Penal Code" as the "Statute for Offense."

We affirm the judgment, as modified.

Ralph K. Burgess
Justice

Date Submitted:    January 10, 2019
Date Decided:     March 14, 2019

Do Not Publish